1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

NORTHERN DISTRICT OF CALIFORNIA

11

12   DAVID CURRY, et al.,

Plaintiffs,

13

14          v.

15   WELLS FARGO HOME MORTGAGE,

Defendant.

16

Case No.  16-cv-00013-JSC

**ORDER RE: DEFENDANT'S
MOTION TO DISMISS**

Re: Dkt. No. 7

17

18          Plaintiffs David and Linda Curry, proceeding pro se, sue Defendant Wells Fargo Home

19   Mortgage ("Wells Fargo") seeking to stay the foreclosure of their home.   Plaintiffs assert a single

20   claim for quiet title based on their alleged rescission of the loan held by Wells Fargo.  Wells Fargo

21   moves to dismiss for failure to state a claim.  (Dkt. No. 7.)  Having considered the parties' briefs

22   and having had the benefit of oral argument on February 25, 2016, the Court GRANTS

23   Defendant's motion to dismiss.[1]  Plaintiffs' purported June 2015 rescission of their loan agreement

24   has no legal effect.  As that is the only basis for Plaintiffs' claim, the dismissal is without leave to

25   amend.

26
27

28   [1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. §
636(c).  (Dkt. Nos. 10, 11 & 14.)

United States District Court
Northern District of California

**BACKGROUND**

This action involves real property located at 21 Creekside Drive, San Rafael, California (the "Property"). (Complaint (Dkt. No. 1-1) at 2.[2]) In July 2007, Plaintiffs took out a mortgage loan from World Savings Bank, FSB, secured by a Deed of Trust against the Property listing Plaintiffs as the borrowers. (*Id.* ¶ 13; Dkt. No. 8-1 at 2, 9.)[3] The Deed of Trust secured a debt in the amount of $800,000. (Dkt. No. 8-1 at 9.) World Savings changed its name to Wachovia Mortgage, FSB in November 2007. (*Id.* at 39.) Wachovia merged into Defendant, Wells Fargo, in November 2009. (*Id.* at 41.)

In March 2009, Plaintiffs entered into a loan modification agreement with Wachovia; the amount owed on the loan at that time was $834,116.05. (*Id.* 8-1 at 27.) Although Plaintiffs appear to have made a few payments under the modification, according to the Notice of Default, they stopped making payments in June 2009. (*Id.* at 31.) A Notice of Default was therefore recorded in December 2009. (*Id.*) A Notice of Trustee's Sale was recorded on March 31, 2010 and set for April 10, 2010. (*Id.* at 33.) There is no indication that the Trustee's Sale occurred.

On June 2, 2015, Plaintiffs sent a "Notice of Right to Cancel" to Wells Fargo purporting to cancel the "underlying transaction/note" under the "Federal Truth in Lending Act – TILA § 1635."

---

[2] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[3] Pursuant to Federal Rule of Evidence 201, the Court "may judicially notice a fact that is not subject to reasonable dispute because it: (i) is generally known within the trial court's territorial jurisdiction; or (ii) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Judicial notice is appropriate for "materials incorporated into the complaint or matters of public record." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010). Defendant requests judicial notice of Exhibits A through H, which are publicly recorded documents pertaining to the Property and official documents filed with federal agencies reflecting the corporate status of the financial institutions involved in this action. (Dkt. No. 8; Dkt. No. 8-1, Exs. A-H.) These documents are documents that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also, e.g.*, *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (noting that courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (citations omitted); *Berkeley v. Wells Fargo Bank*, No. 15-CV-00749-JSC, 2015 WL 6126815, at *1 n.1 (N.D. Cal. Oct. 19, 2015) (taking judicial notice of the same documents addressing World Savings' name change to Wachovia and Wachovia's conversion into Wells Fargo bank). Therefore, the Court GRANTS Defendant's request for judicial notice of these documents. (Dkt. No. 8.)

1  (Complaint ¶¶ 15-16; Dkt. No. 1-1 at 27.)  Wells Fargo failed to respond to their notice of

2  cancellation within the statutorily allotted 20-day period.  (Complaint ¶ 17.)

3          On September 4, 2015, Plaintiffs filed their Complaint against Wells Fargo in the Marin

4  County Superior Court.  (Dkt. No. 1-1.)  The Complaint pleads a single cause of action to quiet

5  title based on Plaintiffs' alleged June 5, 2015 rescission of the loan.  Wells Fargo removed the

6  action to this Court and filed the pending motion to dismiss shortly thereafter.  (Dkt. No. 1.)

7                                  **LEGAL STANDARD**

8          A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) challenges the

9  sufficiency of the complaint where the action fails to allege "enough facts to state a claim to relief

10  that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has

11  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

12  reasonable inference that the defendant is liable for the misconduct alleged. The plausibility

13  standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that

14  a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations

15  omitted).   Under Federal Rule of Civil Procedure 8(a)(2) a party is only required to make "a short

16  and plain statement of the claim showing that the pleader is entitled to relief, in order to give the

17  defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550

18  U.S. at 554 (internal citations and quotations omitted).

19          For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in

20  the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving

21  party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

22  However, even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), "a

23  plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels

24  and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

25  *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted).   "Determining whether a

26  complaint states a plausible claim for relief ... [is] a context-specific task that requires the

27  reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556

28  U.S. 662, 129 S.Ct. 1937, 1950 (2009).

3

Pro se pleadings are generally liberally construed and held to a less stringent standard. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   In *Hebbe v. Pliler*, 627 F.3d 338 (9th Cir. 2010), the Ninth Circuit held that courts must still liberally construe pro se filings post-*Iqbal* noting that "[w]hile the standard is higher, our obligation remains, where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt."   *Id.* at 342 (internal quotations and citations omitted).   Nevertheless, the Court may not "supply essential elements of the claim that were not initially pled."   *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Generally, when a complaint is dismissed, "leave to amend shall be freely given when justice so requires." *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 892 (9th Cir. 2010); *see* Fed. R. Civ. P. 15(a).  The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

Plaintiffs seek to quiet title on the grounds that they rescinded the promissory note on June 2, 2015 and thus the Deed of Trust is invalid.  Plaintiffs' theory fails.

Under California law, a claim for quiet title must be in a verified complaint and include: (1) a description of the property that is the subject of the action, (2) the title of the plaintiff as to which a determination under this chapter is sought and the basis of the title, (3) the adverse claims to the title of the plaintiff against which a determination is sought, (4) the date as of which the determination is sought, and (5) a prayer for the determination of the title of the plaintiff against the adverse claims.  *See* Cal. Code Civ. Pro. § 761.020.  Plaintiffs must also allege that they "are the rightful owners of the property, i.e., that they have satisfied their obligations under the deed of trust." *Kelley v. Mortgage Elec. Registration Sys.*, 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009). "[I]t is dispositive as to this claim that, under California law, a borrower may not assert 'quiet title' against a mortgagee without first paying the outstanding debt on the property." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F.Supp.2d 952, 975 (N.D. Cal. 2010) (internal citation omitted).

1    Plaintiffs attempt to evade the tender rule here by contending that "[t]here is no evidence

2    of a valid claim of interest in Plaintiff's property by any Defendant" because "plaintiff

3    cancelled/rescinded the promissory note on June 2, 2015."  (Complaint at ¶¶ 14-15; *see also* Dkt.

4    No. 17 at 4 ("the 'tender argument' fails as there CANNOT be an existing, outstanding debt to

5    tender due to the rescission of the underlying transaction").)  In other words, they assert that

6    because they sent a Notice of Cancellation to Wells Fargo pursuant to TILA they do not have to

7    repay the hundreds of thousands of dollars that was loaned to them.  Not so.

8    Assuming, without deciding, that Plaintiffs had TILA rights with respect to the loan at

9    issue, Plaintiffs right to rescind expired before Plaintiffs sent the Notice of Cancellation to

10   Defendant.  Under TILA, a borrower generally may rescind a loan by providing written notice

11   within three business days after the loan is consummated or within three business days of the

12   borrower's receipt of certain required information and forms.  15 U.S.C. § 1635(a).  The TILA

13   right to rescission expires "three years after the date of consummation of the transaction or upon

14   the sale of the property, whichever occurs first, notwithstanding the fact that the information and

15   forms required under this section or any other disclosures required under this part have not been

16   delivered...." *Id.* § 1635(f).  Section 1635(f) is "a statute of repose, depriving the courts of subject

17   matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period."

18   *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir.2002); *see also Beach v. Ocwen*

19   *Fed. Bank*, 523 U.S. 410, 419 (1998) (TILA "permits no federal right to rescind, defensively or

20   otherwise, after the 3-year period of § 1635(f) has run.").

21   Plaintiffs do not allege the basis for their TILA rescission.  Even if they could allege that

22   they were never provided the required information and forms, their June 2015 purported TILA

23   rescission is too late.  Because the loan transaction was consummated in November 2007, the time

24   period to rescind under TILA expired in 2010.  And, even if Plaintiffs' 2009 loan modification is

25   the loan transaction at issue, the time period to rescind that transaction expired in 2012.  Plaintiffs

26   did not give Wells Fargo notice of their purported exercise of their rescission right until June

27   2015, long after their TILA right to rescind had expired.  Thus, their purported June 2015 TILA

28   rescission was not valid or effective.

United States District Court
Northern District of California

**CONCLUSION**

For the reasons stated above, Defendant's motion to dismiss is GRANTED.  (Dkt. No. 7.) As Plaintiffs' claim depends on the untimely June 2015 Notice of Cancellation, and as Plaintiffs explained at oral argument that they cannot allege any earlier rescission, leave to amend would be futile.  Accordingly, judgment shall be entered in Defendant's favor.

**IT IS SO ORDERED.**

Dated:  February 25, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

1
2
3
4                  UNITED STATES DISTRICT COURT
5                NORTHERN DISTRICT OF CALIFORNIA
6
7    DAVID CURRY, et al.,                    Case No.  16-cv-00013-JSC
                    Plaintiffs,
8
                v.                           **CERTIFICATE OF SERVICE**
9
10   WELLS FARGO HOME MORTGAGE,
                    Defendant.
11

12        I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S.
     District Court, Northern District of California.
13

14        That on February 25, 2016, I SERVED a true and correct copy(ies) of the attached, by
     placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by
15   depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery
     receptacle located in the Clerk's office.
16

17
     David  Curry
18   Linda Curry
     21 Creekside Drive
19   San Rafael, CA 94903

20

21

22   Dated: February 25, 2016

23

24                                           Susan Y. Soong
                                             Clerk, United States District Court
25

26

27   By:_____
                                             Ada Means, Deputy Clerk to the
28                                           Honorable JACQUELINE SCOTT CORLEY

7