UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLEN CURRY, et al., <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO HOME MORTGAGE, <br><br> Defendant. | Case No. 16-cv-00013-JSC <br><br> **ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** <br><br> Re: Dkt. No. 26 |

Plaintiffs David and Linda Curry sued Defendant Wells Fargo Home Mortgage ("Wells Fargo") seeking to stay the foreclosure of their home. Plaintiffs asserted a single claim for quiet title based on their alleged rescission of the loan held by Wells Fargo under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1635(f). The Court granted Wells Fargo's motion to dismiss the complaint without leave to amend concluding that the purported 2015 rescission had no legal effect as it was made too late. Plaintiffs' motion for reconsideration of the Court's dismissal order is now pending before the Court. (Dkt. No. 26.) Although Plaintiffs filed their motion under Federal Rule of Civil Procedure 54(b), the Court construes the motion as one brought under Rule 59(e).[1] Plaintiffs' motion fails to demonstrate that reconsideration is warranted and is DENIED as set forth below.

---

[1] Rule 54(b) provides for entry of final judgment when there are multiple parties or claims and the court has resolved fewer than all claims. *See* Fed. R. Civ. P. 54(b). Here, there is only one Defendant and one claim for relief—the Court's Order resolved both and judgment was entered that same day. (Dkt. Nos. 24 & 25.)

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 59(e), a motion to reconsider may be granted when (i) the court is presented with newly discovered evidence; (ii) the court committed clear error or its initial holding was manifestly unjust; or (iii) if there is an intervening change in the controlling law. *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir.1993). Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir.2003). Accordingly, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (internal citation and quotation marks omitted).

**DISCUSSION**

Plaintiffs appear to seek reconsideration under the first and second prongs arguing that the Court erred in its interpretation of the right to rescission under TILA Section 1635(f) and that Plaintiffs have acquired newly discovered information. Neither argument is persuasive.

First, Plaintiffs' argument of error largely seeks to rehash arguments that the Court rejected in granting the motion to dismiss; namely, that they rescinded their promissory note on June 2, 2015 when they mailed Wells Fargo a letter stating that they were cancelling the "underlying transaction/note" under "Federal Truth in Lending Act – TILA § 1635." (Complaint ¶¶ 15-16; Dkt. No. 1-1 at 27.) In granting the motion to dismiss, the Court held that any such rescission was untimely because under TILA the right to rescission expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered...." 15 U.S.C. § 1635(f). In their motion for reconsideration, Plaintiffs concede that the rescission occurred outside the three-year period, but contend that this time limitation is subject to equitable tolling because they were not aware of their right to rescind until May 2015. However, as the Court previously noted, Section 1635(f) "represents an absolute limitation on rescission actions which bars any claims filed more than three years after the consummation of the transaction. Therefore, § 1635(f) is a statute of

repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-year limitation period." *Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th Cir. 2002) (internal citation and quotation marks omitted).  As a result, equitable tolling does not apply to TILA rescission claims under 15 U.S.C. § 1635(f).  *See Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998)(TILA "permits no federal right to rescind, defensively or otherwise, after the 3-year period of § 1635(f) has run."); *Quach v. Bank of Am., N.A.*, No. 5:13-CV-00467-EJD, 2013 WL 3788827, at *3 (N.D. Cal. July 17, 2013) ("an action seeking rescission must be filed within three years of the same date and is not subject to equitable tolling.").  Plaintiffs have thus failed to demonstrate any error in the Court's prior Order.

Second, to the extent that Plaintiffs now argue that they have uncovered new evidence justifying reconsideration, this argument likewise fails.  Plaintiffs contend that a Jay Patterson, CFE, whose services they have retained, has uncovered "a hidden securitization of the Curry loan at or prior to the origination and/or commencement of the loan" and this "newly discovered information" "drastically changes this case as to the potential parties involved, ownership issues in the Note/security instrument, applicable case law, potential causes of action and potential named Defendants." (Dkt. No. 26 at 4.)  Plaintiffs have failed to identify what new claim for relief flows from this discovery, and even if they could do so, Plaintiffs have failed to advance any reason as to why they could not have discovered this "evidence" earlier.  Indeed, at oral argument, the Court gave Plaintiff David Curry multiple opportunities to identify any additional bases for relief.  Because he could not do so, the Court granted the motion to dismiss without leave to amend concluding that amendment would be futile as Plaintiffs' one claim for relief was barred as a matter of law.  The documents attached to the motion for reconsideration, entitled "Mortgage Loan Owner Search Report," appear to reference a deed of trust from 2006 which would predate the at-issue 2007 Deed of Trust.  (*Compare* Dkt. No. 8-1 at 2, 9 *with* Dkt. No. 26 at 8, 28.)  Although the report itself is dated March 1, 2016, there is nothing new about the contents of the report nor have Plaintiffs alleged a reason why they could not have discovered information regarding this alleged prior deed of trust earlier.[2]  This action has been pending since September 2015 (first in state

---

[2] The Court is also troubled by the statement which appears at the bottom of each page of these documents: "THIS REPORT IS FOR INFORMATION PURPOSES ONLY AND SHALL NOT BE USED IN ANY PLEADING OR COURT PROCEEDING WITHOUT AN ATTACHED

court and now here).  "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

Accordingly, Plaintiffs' motion for reconsideration is denied.

This Order disposes of Docket No. 26.

**IT IS SO ORDERED.**

Dated:  March 14, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

---

EXPRESS WRITTEN CONSENT OF FULL DISCLOSURE LLC/BERNARD JAY PATTERSON." No such written consent was attached to Exhibit A.

4